UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

_____

No. 02-4844
(CR-01-10023)

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AGNES HOLBROOK,

Defendant - Appellant.

_____

O R D E R

_____

The court amends its opinion filed May 4, 2006, as follows:

On page 1, attorney information section -- "Anthony E. Collins, COLLINS & COLLINS, Wise, Virginia" is deleted and replaced with "Sol Z. Rosen, Washington, D.C." as counsel for Appellant.


For the Court - By Direction


__/s/ Patricia S. Connor__
Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 02-4844**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AGNES HOLBROOK,

Defendant - Appellant.

———————

On Remand from the Supreme Court of the United States.
(S. Ct. No. 04-8323)

———————

Submitted:  February 22, 2006          Decided:  May 4, 2006

———————

Before WILLIAMS, KING, and DUNCAN, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Sol Z. Rosen, Washington, D.C., for Appellant.  John L. Brownlee,
United States Attorney, Eric M. Hurt, Assistant United States
Attorney, Abingdon, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Agnes Holbrook was convicted of possession of a firearm by a person convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9) (2000) (Count One), and making false statements to a firearms dealer in connection with the purchase of a firearm, in violation of 18 U.S.C. § 922(g)(6) (2000) (Count Two). The district court sentenced Holbrook to 120 months in prison on Count One and a consecutive ninety months in prison on Count Two. This court upheld Holbrook's convictions and sentences on appeal. United States v. Holbrook, 368 F.3d 415 (4th Cir. 2004), vacated, 125 S. Ct. 2934 (2005). The Supreme Court subsequently granted Holbrook's petition for certiorari, vacated this court's judgment, and remanded for further consideration in light of United States v. Booker, 543 U.S. 220 (2005).

The district court imposed Holbrook's sentence before Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004), and she did not raise objections to her sentence based on the mandatory nature of the Federal Sentencing Guidelines or the district court's application of sentencing enhancements based on facts not admitted by her or found by the jury beyond a reasonable doubt. Therefore, we review her sentence for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005).

The district court applied the second degree murder cross-reference and increased Holbrook's offense level for obstruction of justice. Without judicially-determined sentencing enhancements, Holbrook's offense level would have been fourteen.

- 2 -

Because she was in criminal history category I, her guideline range would have been fifteen to twenty-one months in prison. The 210-month sentence imposed by the district court under a mandatory guideline scheme was therefore longer than the sentence the district court could have imposed without violating the Sixth Amendment. We therefore conclude that plain error affecting Holbrook's substantial rights occurred in her sentencing. Id. at 550-51.[*]

Accordingly, we vacate Holbrook's sentence and remand for resentencing. Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court still must "consult [the] Guidelines and take them into account when sentencing." Booker, 543 U.S. at 244-45. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. If that sentence falls outside the guideline range, the court should explain the reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id.

---

[*]As we noted in Hughes, "[w]e of course offer no criticism of the district court judge who followed the law and procedure in effect at the time" of Holbrook's sentencing. 401 F.3d at 545 n.4. See generally Johnson v. United States, 520 U.S. 461, 469 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

We deny Holbrook's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED