**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4918**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

AGNES HOLBROOK,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Chief District Judge.  (2:01-cr-10023-jpj)

———————

Submitted:  May 23, 2007                Decided:  June 18, 2007

———————

Before WILLIAMS, KING, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Sol Z. Rosen, Washington, D.C., for Appellant.  John L. Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Agnes Holbrook appeals the sentence imposed following remand for resentencing. Initially, we affirmed Holbrook's convictions[*] and sentence. United States v. Holbrook, 368 F.3d 415 (4th Cir. 2004). The Supreme Court subsequently vacated this court's judgment and remanded the case for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). Holbrook v. United States, 545 U.S. 1125 (2005). We then vacated Holbrook's sentence and remanded for resentencing pursuant to Booker and United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). United States v. Holbrook, 178 F. App'x 312 (4th Cir. 2006) (No. 02-4844), cert. denied, 127 S. Ct. 745 (2006).

On remand, the district court utilized the same guideline calculations that were applied at Holbrook's initial sentencing--a total offense level of thirty-five and criminal history category I, resulting in a sentencing guideline range of 168 to 210 months' imprisonment. The district court sentenced Holbrook to 210 months in prison. Holbrook timely appealed. We affirm.

Holbrook argues that her sentence violates her Sixth Amendment rights because it is based on facts not found by the jury or admitted by her, and that the district court failed to comply with this court's mandate for resentencing. Contrary to Holbrook's assertion, our opinion did not prescribe the sentencing range to be

[*]Holbrook was convicted of possession of a firearm by a person convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9) (2000), and making false statements to a firearms dealer in connection with the purchase of a firearm, in violation of 18 U.S.C. § 922(g)(6) (2000).

- 2 -

used on remand. Our specific guidance to the district court was stated as follows:

> On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 200[7]), and then impose a sentence.

Holbrook, 178 F. App'x at 314. The district court fully complied with this mandate.

After Booker, a district court is no longer bound by the range prescribed by the sentencing guidelines. Hughes, 401 F.3d at 546. However, in imposing a sentence post-Booker, courts still must calculate the applicable guideline range after making the appropriate findings of fact and must consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

The district court explicitly treated the guidelines as advisory, and sentenced Holbrook only after considering the sentencing guidelines and the § 3553(a) factors. Although the district court did not recite facts to support each § 3553(a) factor, the court need not "robotically tick through § 3553(a)'s

every subsection" or "explicitly discuss every § 3553(a) factor on the record." Johnson, 445 F.3d at 345. Thus, the Sixth Amendment error that occurred at the first sentencing was cured by Holbrook's resentencing under an advisory guideline scheme.

Holbrook next argues that the presumption of reasonableness this court affords sentences within the properly calculated guideline range, by virtue of its decision in United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006), is unconstitutional and amounts to a de facto mandatory guideline scheme. However, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th Cir. 2002) (internal quotation marks and citation omitted).

For these reasons, we affirm Holbrook's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED